Leslie MacKOOL *v.* STATE of Arkansas

CR 04-1258                                                   208 S.W.3d 773

Supreme Court of Arkansas
Opinion delivered May 19, 2005

*James Law Firm,* by: *William O. "Bill" James, Jr.,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Leslie MacKool was convicted in the Pulaski County Circuit Court of capital murder and sentenced to life imprisonment without parole. She has lodged an appeal in this court and has filed her opening brief. The State has filed its brief as well. Appellant has filed a motion seeking an extension of

the time to file her reply brief so that the record may be settled regarding a manslaughter instruction that she contends she proffered below, but is not included in the record on appeal. In her motion, Appellant states that she has filed a motion for a hearing on the issue in the trial court.

The State does not object to giving Appellant more time to file her reply brief. However, the State points out that the trial court has no authority to settle the record in this matter because the appeal has already been lodged in this court. The State also argues that the transcript attached to Appellant's motion only shows that the parties discussed making a proffer, not that a proffer was actually made. Finally, the State asserts that Appellant should have noticed the missing instruction before she filed her opening brief, and that it would prejudice the State to allow her to supplement the record and addendum at this point, since the State has already filed its brief.

The transcript attached to Appellant's motion shows that the trial court indicated that it had received copies of the proffered manslaughter instruction. When defense counsel asked the court if it showed the instruction proffered, the court responded: "We will proffer them." Thus, at a minimum, the record shows that the trial court had received the instruction and intended to proffer it.

While the State's point regarding the timing of this motion is somewhat persuasive, we believe that because this is a capital case, the interests of justice will be served by granting the motion. We thus remand this matter to the trial court to settle the issue as to whether the manslaughter instruction was actually proffered. If it was, it should be included in the record on appeal, and Appellant must include the instruction in a supplemental addendum to her reply brief. We grant Appellant the forty-five days that she requested to accomplish this task. The State will then be given an opportunity to file a substituted responsive brief in the time prescribed by the Supreme Court Clerk.

Motion granted.